```
                   UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF MISSOURI
                         NORTHERN DIVISION
```

STANDARD INSURANCE COMPANY,       )
                                  )
                Plaintiff,        )
                                  )
        v.                        )
                                  )
MAEBELLE[1] WANDREY,              )    No. 2:04 CV 86 DDN
MELISSA KIMBROUGH,                )
AARON WANDREY,                    )
A.W. (I), A.W. (II), and          )
CATER FUNERAL HOME, INC.,         )
                                  )
                Defendants.       )

## **MEMORANDUM**

This action is before the court on the motion of defendant Cater Funeral Home, Inc., for summary judgment (Doc. 50). All parties have consented to the exercise of plenary authority by the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). Subject matter jurisdiction is proper pursuant to 28 U.S.C. § 1332 (diversity of citizenship) and is unchallenged.[2] A hearing was held on May 17, 2005.

The facts surrounding this action relate to the April 2004 death of Keith Wandrey (decedent) (Doc. 1 at ¶ 14), and subsequent claims to his life insurance proceeds. Plaintiff Standard Insurance Co. commenced this interpleader action on November 15, 2001, and deposited its insurance policy proceeds, $142,000.00, plus interest, into the registry of this court.[3] (Docs. 1, 6.) Defendants Maebelle Wandrey, Melissa Kimbrough, Aaron Wandrey, A.W. (I), A.W. (II), and Cater Funeral Home, Inc. are all claimants to this fund.

On March 31, 2005, Cater filed cross-claims against Maebelle

---

[1] The correct spelling of this defendant's first name differs from the complaint. See Doc. 50, Ex. 8.

[2] Plaintiff Standard Insurance Company is a citizen of Oregon, defendants are all citizens of Missouri, and the amount in controversy exceeds $75,000 (Doc. 1 at ¶ 7). See 28 U.S.C. § 1332.

[3] On February 4, 2005, the court granted Standard Insurance Co.'s motion for summary judgment discharging and dismissing it from the action. (Doc. 33.)

Wandrey, Melissa Kimbrough, Aaron Wandrey, A.W. (I), and A.W. (II). (Docs. 52, 53.) In its cross-claim against Maebelle Wandrey, Cater seeks $9,080.46, plus interest and attorney's fees, to be paid from Maebelle's interest in the life insurance proceeds, to the extent the court determines her right to the funds. (Doc. 52 at unnumbered 1-2.)

In its cross-claims against Melissa Kimbrough, Aaron Wandrey, A.W. (I), and A.W. (II) (children), Cater prays that each defendant "be held accountable for their pro-rata shares as non-probate transfer beneficiaries," should the court determine they have rights to the insurance proceeds. (Doc. 53 at unnumbered 1-3.) Additionally, Cater prays, if the court finds that these defendants have an interest in the life insurance proceeds, that the court impose a constructive trust on the life insurance proceeds for its benefit in the amount of $9,080.46, plus interest and attorney's fees. ( Id. at unnumbered 3-4.)

### Uncontroverted, Material Facts[4]

On April 2, 2004, Keith Wandrey died, and was survived by his wife Maebelle Wandrey. (Doc. 1 at ¶ 14.) At the time of his death, decedent had a life insurance policy in full force and effect for $142,000. (Doc. 30, Ex. 1.) Beginning January 7, 1999, and continuing until Keith's death, Maebelle Wandrey was designated the primary beneficiary of the life insurance proceeds. (Doc. 30, Ex. 2.)

Cater entered into a contract with Maebelle Wandrey to provide burial and funeral arrangements. (Doc. 50, Ex. 1.) In turn, Maebelle Wandrey assigned her interest in the insurance proceeds to Cater to the

---

[4]In their response to summary judgment, defendants Melissa Kimbrough, Aaron Wandrey, A.W. (I), and A.W. (II) fail to specifically admit or deny Cater's statement of material facts. See E.D. Mo. Local R. 7-4.01(E) ("Every memorandum in opposition shall include a statement of material facts as to which the party contends a genuine issue exists."). Accordingly, the uncontroverted, material facts relied upon for resolution of the instant motion reflect Cater's proffer and are deemed admitted. See id. ("All matters set forth in the statement of [material facts] shall be deemed admitted for purposes of summary judgment unless specifically controverted by the opposing party.").

extent of $9,080.46.  (Doc. 50, Ex. 2.)  The contract between Cater and Maebelle Wandrey provided Cater with the right to collect reasonable attorney's fees and interest at 18% per annum.  (Doc. 50, Ex. 1.)  Mo. Rev. Stat. § 194.119 (Cum. Supp. 2004) extends Maebelle Wandrey the right of sepulcher[5] as the surviving spouse, allowing her to make funeral and burial arrangements.  See Mo. Rev. Stat. § 194.119.

Cater filed a claim against decedent's estate in Missouri Probate Court, Randolph County, Missouri, requesting personal representative Glenda Winkler pursue non-probate transfers against the insurance proceeds paid into this court's registry.  (Doc. 50, Exs. 6, 7.)  The personal representative declined to pursue the non-probate assets. (Doc. 51 at unnumbered 2.)

Melissa Kimbrough, Aaron Wandrey, A.W. (I), and A.W. (II), as children born of decedent's previous marriage to Carla Green, and Maebelle Wandrey, decedent's widow, all claim the life insurance proceeds.  (Docs. 15-18; Doc. 51 at unnumbered 2; Doc. 60.)

## Summary Judgment Standard

Summary judgment must be granted if the pleadings and proffer of evidence demonstrate that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Union Elec. Co. v. Southwestern Bell Tel. L.P., 378 F.3d 781, 785 (8th Cir. 2004) ("Th[e] Court determines whether the evidence, when viewed in the light most favorable to the non-moving party, and according it the benefit of all reasonable inferences, shows that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law.").  "A fact is 'material' if it might affect the outcome of the case and a factual dispute is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the non-moving party."  Scottsdale Ins. Co. v. Tri-State Ins. Co. of Minn.,

---

[5]The right of sepulcher is the "right to choose and control the burial, cremation, or other final disposition of a dead human body." Mo. Rev. Stat. § 194.119.1 (Cum. Supp. 2004).

302 F. Supp. 2d 1100, 1103 (D.N.D. 2004).

Initially, the moving party must demonstrate the absence of an issue for trial. Celotex, 477 U.S. at 323. Once a motion is properly made and supported, the nonmoving party may not rest upon the allegations in its pleadings but must instead set forth specific facts showing that a genuine issue of material fact exists. Fed. R. Civ. P. 56(e); Krein v. DBA Corp., 327 F.3d 723, 726 (8th Cir. 2003). The nonmoving party also "must . . . provide evidence of 'specific facts creating a triable controversy.'" Howard v. Columbia Pub. Sch. Dist., 363 F.3d 797, 800 (8th Cir.), cert. denied, 2004 WL 2153070 (U.S. Nov. 1, 2004) (quoting Jaurequi v. Carter Mfg. Co. Inc., 173 F.3d 1076, 1085 (8th Cir. 1999)).

In this diversity action, the court must look to the rules of decision that the forum state (Missouri) courts would apply, Donovan v. Harrah's Md. Heights Corp., 289 F.3d 527, 529 (8th Cir. 2002), and the parties do not dispute the fact that Missouri law provides the applicable rules of decision.

The court finds that the pleadings, the parties' proffer of evidence, and the arguments of counsel establish that there is no genuine issue of material fact and that Cater Funeral Home is entitled to judgment as a matter of law with respect to its cross-claim against Maebelle Wandrey. However, there is a genuine issue of material fact with respect to its cross-claim against Melissa Kimbrough, Aaron Wandrey, A.W. (I), and A.W. (II).

## Discussion

### A.   Count Brought Against Maebelle Wandrey

In support of its motion for summary judgment, Cater proffers the affidavit of Maebelle Wandrey. (Doc. 50, Ex. 3.) In her affidavit, she states, *inter alia*:

> It is my intent and desire that Cater Funeral Home, Inc. be paid in full, together with reasonable interest and reasonable attorney's fees from the appropriate amount of proceeds of the life insurance policy issued by Standard Insurance Company being policy number 604201, the proceeds of which have been paid into the registry of this court.

(Id. at ¶ 7.) She further states that her contract with Cater included

-4-

a provision for 18% interest per annum after April 3, 2004, and for reasonable attorney's fees "if turned over to an attorney for collection." (Id. at ¶ 3.)

Maebelle Wandrey has not opposed Cater's motion for summary judgment and Cater is entitled to summary judgment on its cross-claim against her (Doc. 52).

**B.     Counts Brought Against Melissa Kimbrough, Aaron Wandrey, A.W. (I), and A.W. (II)**

In its motion for summary judgment, Cater alleges that, after making demands on the personal representative of decedent's estate for an accounting against recipients of non-probate transfers, it is entitled under Missouri law to bring suit "to impress upon the non-probate transfer proceeds of the life insurance policy . . . ." (Doc. 51 at unnumbered 3-4.) Cater further argues that, because Maebelle Wandrey holds the right of sepulcher, the other fund claimants have no standing to challenge the contract between Maebelle and Cater. (Id. at unnumbered 3.) And, as children of the decedent, they benefitted from Cater's actions under the contract. (Id. at unnumbered 4.) Accordingly, Cater requests this court impress a constructive trust for its benefit on the interests the children may have in the insurance proceeds to prevent their unjust enrichment. (Id.)

In response, decedent's children argue that, for Cater to reach the life insurance proceeds, a non-probate asset, the proceeds must have been subject to satisfaction of the decedent's debts immediately prior to his death. (Doc. 60 at 1-2.) Because life insurance proceeds are payable only after death, they cannot be subject to satisfaction of a debt immediately prior to the insured's death. (Id.) Moreover, the children argue that decedent had a contractual obligation to maintain the life insurance for their primary benefit, giving them a "vested" right in the insurance proceeds superior to Maebelle's interest; therefore, they have standing to challenge the contract between Maebelle Wandrey and Cater. (Id. at 2-4.)

Mo. Rev. Stat. § 461.300.1 (Cum. Supp. 2004) provides, in pertinent part:

> Each recipient of a recoverable transfer of a decedent's property shall be liable to account for a pro rata share of the value of all such property received, to the extent necessary to discharge the statutory allowances to the decedent's surviving spouse and dependent children, and claims remaining unpaid after application of the decedent's estate, including expenses of administration and costs . . . .

Mo. Rev. Stat. § 461.300.1 (Cum. Supp. 2004).

This statute provides a creditor with rights against the recipients of "recoverable transfers" when the probate estate is insufficient to cover unpaid claims against the decedent.[6] A "recoverable transfer" is defined as "a non-probate transfer of a decedent's property . . . and any other transfer of a decedent's property . . . that was subject to satisfaction of the decedent's debts immediately prior to the decedent's death, but only to the extent of the decedent's contribution to the value of such property." Mo. Rev. Stat. § 461.300.10(4)(Cum. Supp. 2004).

The pertinent issue in resolving Cater's motion for summary judgment is whether the life insurance proceeds are a "recoverable transfer," as defined by statute. To this end, Cater cites <u>In Re: Hoffman</u>, 23 S.W.3d 646 (Mo. Ct. App. 2000). In <u>Hoffman</u>, decedent's ex-wife brought suit pursuant to Mo. Rev. Stat. § 461.300 to recover for past due maintenance and money decedent had borrowed against a life insurance policy of which she was the beneficiary. <u>Id.</u> at 648. In <u>Hoffman</u>, the court stated that "unpaid maintenance and the insurance proceeds became due either at or before decedent's death," in an apparent effort to show that life insurance proceeds are subject to satisfaction of decedent's debts immediately prior to his death. <u>Id.</u> at 649.

The ruling of <u>Hoffman</u> is inapposite. The overarching issue in <u>Hoffman</u> was at what time decedent's ex-wife became a "creditor" so as to have a claim against non-probate assets for the amount decedent

---

[6]Mo. Rev. Stat. § 461.300 (Cum. Supp. 2004) describes an action for accounting for creditors to use to recover non-probate assets. Mo. Rev. Stat. § 461.300.2. To this end, the record suggests Cater has complied with the statutory requirements as a condition precedent to filing suit, and defendants do not dispute the same. <u>See</u> Doc. 50, Exs. 6, 7.

-6-

borrowed against the insurance policy.  The court did not decide whether life insurance proceeds as non-probate assets are subject to satisfaction immediately prior to decedent's death.  On the contrary, the court states that "[a]ppellant was a creditor at the time of decedent's death, *when the insurance proceeds became due* . . . ."  Id. (emphasis added); this language indicated that insurance proceeds are due at the time of death and not before.

Children cite Mo. Rev. Stat. § 461.300 as amended in 1995. However, the statutory language was revised in 2004 and the 1995 version is not currently in force and effect.  The 1995 amendment and accompanying committee comments are, however, relevant to interpreting the current statutory language and the intent of its drafters.

Both provisions, using the exact same language, appear to limit recoverable assets to "non-probate transfer of a decedent's property under sections 461.003 to 461.081 and any other transfer of a decedent's property other than from the administration of the decedent's probate estate that was subject to satisfaction of the decedent's debts immediately prior to the decedent's death . . . ."  See Mo. Rev. Stat. § 461.300 (as amended 2004, 1995).  Moreover, the Drafting Committee Comment to the 1995 text notes provides explanation for deleting the specific reference to insurance death benefits from the prior version:

> Former subsection 1 specifically exempted insurance death benefits and survivorship rights in property held as tenants by the entireties. It was deemed unnecessary to specifically state those exemptions. Insurance death benefits would not have existed immediately prior to death of the decedent and therefore would not have been subject to satisfaction of the decedent's debts.

1995 Committee Comment, Mo. Rev. Stat. § 461.300; see also 4A Mo. Prac. § 461.300 (2d ed. 2004); cf. State v. Graham, 149 S.W.3d 465, 468-69 (Mo. App. 2004) (referencing legislative history and committee comments to aid in statutory interpretation).  Even though these comments directly reflect changes to the 1995 text, they are equally instructive in interpreting the 2004 text, because the relevant statutory language is the same in both amended versions.

Cater argues that the statute should be interpreted to read that all non-probate transfers are subject to creditors reach under §

461.300, as well as any other transfer not originating from administration of the probate estate that was subject to satisfy decedent's deaths prior to death. According to Cater, to hold otherwise and except life insurance benefits would make § 461.300 meaningless and the exception that swallows the rule.

The court disagrees. The 1995 committee comments clearly reflect the intent of the drafters that life insurance benefits are not subject to satisfy a decedent's debts immediately before his death; therefore, they are not subject to the provisions of § 461.300. Moreover, excepting life insurance benefits would not render the statutory provision meaningless. There are an array of non-probate assets that do not include life insurance benefits (i.e., real property held in joint tenancy, bank accounts held in joint tenancy, and pension benefits with a named beneficiary), all of which may be subject to satisfy decedent's debts immediately prior to his death.

The court must ascertain the meaning and applicability of a particular statutory provision. Friedman v. United States, 374 F.2d 363, 371 (8th Cir. 1967); cf. Haley v. Retsinas, 138 F.3d 1245, 1249 (8th Cir. 1998) ("The first step in statutory interpretation is to look at the text of the statute itself."). The language in § 461.300, drafting committee comments, and general character of life insurance benefits, as applied to the instant facts, leads the court to determine that life insurance proceeds are not in the class of non-probate transfers intended to be reached by the statute. To hold otherwise belies the clear intent of the drafters to include only non-probate assets that are "subject to satisfaction of the decedent's debts immediately prior to the decedent's death." See Dep't of Soc. Servs. v. Our Lady of Mercy Home, 803 S.W.2d 72, 75 (Mo. App. 1990) ("The primary objective in construing statutory or regulatory language is to ascertain the intent of the drafters from the language used and to give effect to that intent if possible.").

Cater further argues the court should impose a constructive trust on the insurance proceeds in an effort to prevent children from being unjustly enriched. Unjust enrichment is a quasi-contractual remedy occurring when a party receives a benefit the retention of which,

without paying reasonable value, would be unjust. S & J, Inc. v. McLoud & Co., L.L.C., 108 S.W.3d 765, 768 (Mo. App. 2003). "Missouri courts have long held that 'a constructive trust is an equitable device to prevent injustice, particularly unjust enrichment.'" Brown v. Brown, 152 S.W.3d 911, 917 (Mo. App. 2005) (quoting Cohn v. Jefferson Sav. & Loan Ass'n, 349 S.W.2d 854, 858 (Mo. 1961)).

In order make a successful claim for unjust enrichment, Cater needs to show that: "(1) one party conferred a benefit on another; (2) the receiving party acknowledged or recognized that a benefit was conferred; and (3) the receiving party accepted and retained the benefit." JB Contracting, Inc. v. Bierman, 147 S.W.3d 814, 818-19 (Mo. App. 2004); Mays-Maune & Assocs., Inc. v. Werner Bros., Inc., 139 S.W.3d 201, 205 (Mo. App. 2004); Am. Standard Ins. Co. of Wis. v. Bracht, 103 S.W.3d 281, 291 (Mo. App. 2003). Mere acceptance of a benefit, however, is not enough to support a claim for unjust enrichment without showing that benefit retention would be unjust. JB Contracting, 147 S.W.3d at 819.

Cater argues that, regardless of whether the children agree with the arrangements Maebelle Wandrey made for the burial of their father, the children benefitted from the service and the interment. (Doc. 51 at unnumbered 4.)

In their response, the children note that decedent agreed, as part of a separation agreement and divorce decree, to name his children as life insurance beneficiaries until the youngest was emancipated, (Doc. 60, Ex. A) making them the superior interest holders in the insurance proceeds, with Maebelle's interest secondary. Accordingly, children maintain that their rights in the insurance proceeds "vested" when decedent became contractually obligated to maintain life insurance for their benefit, and that the interest Cater received by assignment was inferior to their interest and Maebelle Wandrey had no legal interest in the proceeds to assign in exchange for Cater's services.

Assuming, *arguendo*, Cater's characterization is reasonable and the children received a benefit by the funeral service and interment of their father (without addressing whether they manifested an acceptance of the benefit), the mere fact that the children received a benefit is not the principal concern in adjudging whether they were unjustly

enriched.  Crater must show it would be unjust for the children to retain the insurance proceeds and not be required to use a portion of the proceeds to pay Cater for their father's service and interment.  See JB Contracting, 147 S.W.3d at 819; S & J, Inc., 108 S.W.3d at 768 ("The most significant of the elements for a claim of unjust enrichment is the last element, which is the requirement that the enrichment of the defendant be unjust.").

In this case, there is a question surrounding whether Maebelle or the children have the superior interest to the life insurance proceeds and whether Maebelle held any ability to assign the insurance proceeds. It was with that purported interest in the insurance proceeds that Maebelle contracted for and Cater performed its services.  The resolution of who had the entitlement to the insurance proceeds will directly impact the facts surrounding the assignment and the performance of Cater's services, and may have affect the determination of whether the children were unjustly enriched by those services.

Accordingly, at this time, the court cannot conclude that there is no genuine issue of material fact which entitles Cater to judgment as a matter of law against the children.  Cater's motion with respect to them must be denied.

An appropriate Order is issued herewith.

/s/ David D. Noce
**DAVID D. NOCE**
**UNITED STATES MAGISTRATE JUDGE**

Signed on June 9, 2005.