```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                         NORTHERN DIVISION


STANDARD INSURANCE COMPANY,         )
                                    )
              Plaintiff,            )
                                    )
         v.                         )     No. 2:04 CV 86 DDN
                                    )
MAEBELLE WANDREY,                   )
MELISSA KIMBROUGH,                  )
AARON WANDREY,                      )
A.W. (I), A.W. (II), and            )
CATER FUNERAL HOME, INC.,           )
                                    )
              Defendants.           )
```

**MEMORANDUM**

This action is before the court on the motions of defendants Melissa Kimbrough, Aaron Wandrey, A.W.(I) and A.W.(II) for summary judgment (Doc. 79), of defendant Maebelle Wandrey for summary judgment (Doc. 94), and of defendant Cater Funeral Home for summary judgment (Doc. 51). The parties have consented to the exercise of plenary authority by the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Doc. 25.) A hearing was held October 26, 2005.

**The pleadings**

Plaintiff Standard Insurance Company has brought this action for interpleader against Cater Funeral Home; Melissa Kimbrough, A.W.(I), A.W.(II), and Aaron Wandrey (the children); and Maebelle Wandrey in this court based on diversity of citizenship subject matter jurisdiction. (Doc. 1.) Plaintiff alleges that the court should determine who among the defendants is legally entitled to the life insurance proceeds of a policy issued to the deceased insured, Keith Wandrey. (Doc. 1 at 4-5.)

Cater Funeral Home filed its answer (Doc. 8) and asked that its claim for funeral services in the amount of $9,080.46 plus interest be paid out of the life insurance policy funds. (Doc. 8 at 3.) Defendants Kimbrough, Aaron Wandrey, A.W.(I) and A.W.(II) asked in their answers that a constructive trust be applied to the proceeds of the life insurance policy in their favor due to the insured's alleged constructive fraud. (Docs. 15, 16, 17, 18.) Maebelle Wandrey alleges the policy proceeds are

rightfully hers since she was the named beneficiary on the policy at the time of Keith Wandrey's death. (Doc. 21.)

Cater Funeral Home filed a cross-claim against Maebelle Wandrey on March 30, 2005, asking for a judgment in the amount of $9,080.46 plus interest for the funeral expenses. (Doc. 52.) That same day, Cater filed a cross-claim against the children defendants, asking that this court find the children liable for their pro-rata shares of the life insurance policy proceeds to pay for the funeral bill, if the court found they had a superior right to the proceeds. (Doc. 53 at 3.) The children moved to dismiss both counts of the cross-claim. (Docs. 56-59.) Cater filed a motion for summary judgment for both claims (Doc. 52), and was granted summary judgment on its cross-claim against Maebelle Wandrey, and denied summary judgment on its cross-claim against the children. (Doc. 78.)

On August 18, 2005, the children filed a cross-claim against Maebelle Wandrey and Cater Funeral Home, asking that a constructive trust be imposed upon the proceeds of the life insurance policy in their favor. (Doc. 91 at 2.) Maebelle Wandrey filed a cross-claim against the children, alleging that she is entitled to the proceeds as the named beneficiary on the policy. (Doc. 97 at 6.)

In the children's motion for summary judgment, they argue that they, as the children of the insured, have a vested interest in the life insurance proceeds. They further argue that their father breached the confidential relationship between them when he removed them as beneficiaries of the policy and replaced them with Maebelle Wandrey. Further, they argue that their interest is superior to that of Maebelle's, and, therefore, Maebelle did not have an interest to assign to Cater Funeral Home for payment of the funeral expenses. (Doc. 79 Attach. 1.)

Maebelle argues that she is entitled to the proceeds of the life insurance policy, because she is the named beneficiary, that Carla Green, the mother of Keith Wandrey's four children, did not pursue the remedy of contempt for the insured's failure to maintain the policy for the children, that the settlement agreement is invalid as posthumous child support, and that A.W.(I) and A.W.(II) are not the insured's biological children. (Doc. 95 at 14-23.)

Cater Funeral Home renewed its motion for summary judgment and argues that the insurance proceeds should be placed in a constructive

trust for its benefit, because the children would be unjustly enriched by the funeral services. (Doc. 99 at 1-2.)

## Summary Judgment Standard

Summary judgment must be granted, if the pleadings and proffer of evidence demonstrate that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Union Elec. Co. v. Southwestern Bell Tel. L.P., 378 F.3d 781, 785 (8th Cir. 2004) ("Th[e] Court determines whether the evidence, when viewed in the light most favorable to the non-moving party, and according it the benefit of all reasonable inferences, shows that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law."). "A fact is 'material' if it might affect the outcome of the case and a factual dispute is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Scottsdale Ins. Co. v. Tri-State Ins. Co. of Minn., 302 F. Supp. 2d 1100, 1103 (D.N.D. 2004).

Initially, the moving party must demonstrate the absence of an issue for trial. Celotex, 477 U.S. at 323. Once a motion is properly made and supported, the nonmoving party may not rest upon the allegations in its pleadings but must instead proffer admissible evidence of specific facts showing that a genuine issue of material fact exists. Fed. R. Civ. P. 56(e); Howard v. Columbia Pub. Sch. Dist., 363 F.3d 797, 800 (8th Cir. 2004), cert. denied, 2004 WL 2153070 (U.S. Nov. 1, 2004); Krein v. DBA Corp., 327 F.3d 723, 726 (8th Cir. 2003).

The pleadings, the parties' proffer of evidence, and the arguments of counsel establish that there is no genuine issue of material fact and that Melissa Kimbrough, Aaron Wandrey, A.W.(I) and A.W.(II) are entitled to judgment as a matter of law on its cross-claim against Maebelle Wandrey, and that Cater Funeral Home is entitled to judgment as a matter of law on its cross-claim against the children.

**Undisputed Facts**

Carla Green and Keith Wandrey, the insured, were married in 1973, and divorced in 1989. (Doc. 79 Attach. 2.) Four children were born during the marriage: Melissa Kimbrough in 1974, Aaron Wandrey in 1976, A.W.(I) in 1986, and A.W.(II) in 1988. (Doc. 95 at ¶¶ 2, 4, 9, 11.) Keith Wandrey died on April 2, 2004. (Doc. 79 Attach. 2 at ¶ 1.)

At the time of their divorce, the insured and Green entered into a property settlement agreement. (Doc. 30 Ex. 6.) In the agreement, the insured agreed to maintain his current life insurance policy for the benefit of the four children, until the youngest child was emancipated. (Id.) At that time, although no particular life insurance policy was stated in the agreement, the insured owned only one life insurance policy, Group Life Insurance Policy No. 604201-A. (Doc. 79 Attach. 2 at ¶ 9; Doc. 95 at ¶ 21.) This policy consisted of both basic and optional life insurance coverage. (Doc. 30 Ex. 1; Doc. 102 Ex. C.)

The settlement agreement states the insured should maintain the policy for "said minor children" and the divorce decree lists the "said minor children" as Melissa Wandrey [Kimbrough], Aaron Wandrey, and A.W.(I) and A.W.(II). (Doc. 30 Ex. 6.) This agreement was incorporated into the divorce decree. (Doc. 95 at ¶ 27.) At the time of the insured's death, A.W.(I) and A.W.(II) were not emancipated, and the basic insurance proceeds totaled $36,000, and the optional insurance proceeds totaled $106,000. (Doc. 30 Ex. 1.)

After the divorce, the insured named all four children as the beneficiaries of the policy. (Doc. 30 Ex. 7.) In 1999, the insured removed his four children from the life insurance policy and named Maebelle Wandrey, his new wife, as the beneficiary. (Doc. 30 Ex. 2.) Neither Carla Green nor any of the four children were notified of this change. (Doc. 79 Attach. 2.)

After the insured's death, Maebelle assigned $9,080.46 of her rights in the insurance proceeds to Cater Funeral Home to pay for the funeral expenses. (Doc. 30 Ex. 8.)

**Discussion**

Missouri law will apply to the determination of the motions since this court has subject matter jurisdiction over this case because of diversity jurisdiction.[1] Erie R. Co. v. Tompkins, 304 U.S. 64 (1938); General Electric Capital Corp. v. Union Planters Bank, NA, 409 F.3d 1049, 1053 (8th Cir. 2005) ("In diversity cases, we apply the substantive law of the state in which the district court sits."). Missouri courts would apply Missouri substantive law to a case involving life insurance of a Missouri resident. Hardly v. Lyons, 475 S.W.2d 451, 460 (Mo. Ct. App. 1971).

**The Children's and Maebelle Wandrey's Motions**

The children's first point is that they are entitled to summary judgment because they had a vested equitable interest in the life insurance proceeds pursuant to their father's agreement with their mother to maintain them as the beneficiaries on the life insurance policy. (Doc 79 Attach. 1 at 4.) They argue the insured's agreement at the time of his divorce of Green constituted an equitable assignment which gave them a vested equitable right superior to any later named beneficiary. (Id.) They further argue that the insured's action of changing the named beneficiary to Maebelle was a breach of a confidential relationship and warrants an imposition of a constructive trust of the proceeds for their benefits. (Id. at 6.)

Under Missouri law, "where beneficiaries have a vested equitable interest or a property right in the proceeds of the policy by contract of the parties, that interest may not be defeated by an effort to change the beneficiaries without their consent." Principal Mut. Life Ins. Co. v. Karney, 5 F. Supp. 2d 720, 731 (8th Cir. 1998); Wheeler v. McDonnell Douglas Corp., 999 S.W.2d 279, 285 (Mo. Ct. App. 1999). Therefore, this court must first determine whether the children had a vested equitable interest in the life insurance proceeds.

---

[1] Plaintiff Standard Insurance Company is a citizen of Oregon, and all defendants are citizens of Missouri. The amount in controversy exceeds $75,000. See 28 U.S.C. § 1332.

Normally, a named beneficiary of a life insurance policy has only a contingent, or expected, interest in the proceeds, which the policy holder may terminate at any time. Karney, 5 F. Supp. 2d at 731. However, a property settlement in a divorce decree that requires a certain person or persons "to be named as the beneficiary of a life insurance policy is valid and enforceable against anyone subsequently named." Id. Therefore, the property settlement requiring that the children be named beneficiaries created a vested interest for the children in the life insurance proceeds which could not be defeated by the insured's later attempt to change the beneficiary. A contract such as the one between the insured and Green "constituted an equitable assignment of the policies for the children's benefit and gave them a vested right to the proceeds, subject to be defeated only by proof of a superior right." Perry v. Perry, 484 S.W.2d 257, 258 (Mo. 1972). This is true regardless of the language in the policy reserving the right of the insured to change the beneficiary. General Am. Life Ins. Co. v. Rogers, 539 S.W.2d 693, 697 (Mo. Ct. App. 1976).

The children have a vested right in both the basic life insurance, and the optional coverage. Maebelle argues that even if the children are the rightful beneficiaries of the $36,000 of basic coverage, they are not the rightful beneficiaries of the $106,000 of optional life insurance. She argues that the insured was under no obligation to maintain additional insurance for the children.

"[I]nsurance beneficiaries named pursuant to a settlement agreement have no equitable interest in additional insurance purchased by the insured after the date of the dissolution where the words of the agreement in no way suggest they are to be named beneficiaries of insurance acquired subsequent to the divorce." Wheeler, 999 S.W.2d at 286. But, "where a spouse agrees to maintain children as beneficiaries of a policy, this rule does not apply to any natural increases in that policy or any substitute policy unless the words of the agreement specifically limit the amount."

The "optional" and "basic" life insurance were part of one policy, Group Life Insurance Policy No. 604201-A. Since 1982, the insured had been paying premiums to the optional coverage, and as of January 1, 2004, the optional coverage amount was $106,000. (Doc. 102 Ex. C.) This optional coverage was not additional insurance purchased by the insured

but was instead a natural increase.  <u>Wheeler</u>, 999 S.W.2d at 286.  It was part of the policy owned by Keith at the time of the dissolution.  The property settlement agreement states:

> HUSBAND agrees to maintain and keep in full force and effect his current life insurance policy covering his life with said minor children named as sole and irrevokable beneficiaries under said policy until the youngest is emancipated.

The property settlement agreement did not limit the amount the children were to receive to only the basic coverage.  In absence of words of limitation, the insured was to maintain both the basic and optional under the current policy, No. 604201-A, for his children.  <u>See</u> <u>Wheeler</u>, 999 S.W.3d at 285 ("no evidence that insured made any extraordinary purchases of additional coverage.").

Maebelle argues that it is invalid for a court to order life insurance to be maintained for the benefit of the children because it is posthumous child support.  "Missouri courts have consistently held invalid an order requiring a parent obligated to pay child support to maintain life insurance with his or her child as a beneficiary."  <u>Amyx v. Collins</u>, 914 S.W.2d 370, 372 (Mo. Ct. App. 1996).  However, the parties may stipulate an agreement between themselves even if the court has no authority to order them to do so.  <u>Id.</u>; <u>Gander v. Livoti</u>, 250 F.3d 606, 611 (8th Cir. 2001).  "Parties may bind themselves to obligations which the dissolution court lacks authority to impose.  Even where the court has no power to order that life insurance be maintained, the parties may voluntarily agree to do so."  <u>Wheeler</u>, 999 S.W.2d at 287 (internal citations omitted).  Here, the insured and Green voluntarily agreed that the insured would maintain life insurance for the benefit of the children.  This is not an invalid court order of posthumous child support, and incorporating the property settlement into the decree does not make it an invalid order.  <u>See</u> <u>Wheeler</u>, 999 S.W.2d at 287.

Maebelle also argues that A.W.(I) and A.W.(II) are not the insured's biological children, and therefore, since his two biological children, Melissa Kimbrough and Aaron Wandrey, were emancipated at the time of his death, he was relieved of the duty to continue to maintain life insurance for the benefit of any of the children.  (Doc. 95 at 19.)

This court has already determined that Maebelle Wandrey has no standing to challenge the issue of paternity.  (Doc. 70.)  The insured,

-7-

during his lifetime, held himself out to be the father of A.W.(I) and A.W.(II), paid child support, never challenged paternity even when he had the opportunity during the divorce, and maintained visitation. (Doc. 70 at 7-8.) Paternity was determined during the divorce proceeding, and this court held that the doctrine of collateral estoppel barred any subsequent challenges to paternity. (Doc. 70 at 8.)

The plain language of the property settlement agreement, and the divorce decree, states that "said minor children" include Melissa Wandrey [Kimbrough], Aaron Wandrey, A.W.(I) and A.W.(II). (Doc. 79 at Ex. 2 at 1-2.) The language of the property settlement agreement states he was to maintain the life insurance proceeds for "said minor children." (Doc. 79 Ex. 3 at 2) The parties stated clearly in their agreement that the said minor children included all four of the children. ( Id. at 1.)

Neither A.W.(I) or A.W.(II) were of the age of majority when the insured died. Therefore, because the agreement stated Keith was to maintain the insurance "until the youngest child is emancipated," he was obligated to maintain this insurance for all four of the named beneficiaries in the settlement agreement at the time of his death.

Maebelle Wandrey also asserts that the property settlement is no longer a contract, but a decree, since it was incorporated in the divorce settlement. Therefore, she argues, it can only be enforced by a contempt order. (Doc. 95 at 15.) However, a property settlement agreement does not lose its legal efficacy by being incorporated into a judicial divorce decree. See Lemon v. Lemon, 819 S.W.2d 94, 96 (Mo. Ct. App. 1991). "Missouri courts have long recognized the contractual nature of property settlement agreements." In re Estate of Halverson, 840 S.W.2d 280, 282 (Mo. Ct. App. 1992). In Lemon, the husband brought a breach of contract claim against the wife for her alleged breach of the property settlement agreement, and the court held that this was a proper remedy. 819 S.W.2d at 94, 96.

This court determines that the children have a vested interest in the insurance proceeds superior to that of Maebelle Wandrey's. Therefore, a constructive trust shall be imposed on the proceeds for the benefit of the children. "Under established Missouri law, a constructive trust is an equitable method selectively used by the courts to remedy a situation where a party has been wrongfully deprived of some right, title, benefit

or interest in property as a result of fraud or in violation of confidence or faith reposed in another." Karney, 5 F. Supp. 2d at 733; Brown v. Brown, 152 S.W.3d 911, 916-17 (Mo. Ct. App. 2005). A constructive trust may be imposed when a confidential relationship was breached, which can be either a fiduciary relationship or one more informal. Karney, 5 F. Supp. 2d at 733.

A confidential relationship existed between the children and their deceased father. Id. ("no question that a confidential relationship existed" between the father and his children, "by virtue of paternity, as well as the settlement agreement and divorce decree."). Not only was he their father, but he agreed by contract to maintain life insurance for their benefit. He breached this confidential relationship when he changed the beneficiary to Maebelle Wandrey, wrongfully denying them of their right in those proceeds. Therefore, the imposition of a constructive trust on the proceeds of the life insurance policy for the benefit of Melissa Kimbrough, Aaron Wandrey, A.W.(I), and A.W.(II) is the proper remedy.

For the above reasons, the motion of Melissa Kimbrough, Aaron Wandrey, A.W.(I), and A.W.(II) for summary judgment on their cross-claim against Maebelle Wandrey is granted. For the same reasons, the motion of defendant Maebelle Wandrey for summary judgment is denied.

### Cater Funeral Home's Motion

Cater Funeral Home renewed its motion for summary judgment on its cross-claim against the children (Docs. 99, 51), which was initially denied by this court (Doc. 78).

In its motion for summary judgment, Cater asked the court to impose a constructive trust on the insurance proceeds for its benefit, stating that the children would be unjustly enriched by retaining the benefit of the funeral service without paying for it. (Doc. 52.) This motion was denied, and the court found that there was no factual evidence that "it would be unjust for the children to retain the insurance proceeds and not be required to use a portion of the proceeds to pay Cater for their father's service and interment." (Doc. 77 at 10.) This court stated that a resolution of who had entitlement to the insurance proceeds may have an

impact on whether the children were unjustly enriched by the services. (Doc. 77 at 10.)

"An unjust enrichment has occurred where a benefit was conferred upon a person in circumstances in which the retention of the benefit, without paying its reasonable value, would be unjust." J.B. Contracting, Inc. v. Bierman, 147 S.W.3d 814, 818-819 (Mo. Ct. App. 2004) (quoting S & J., Inc. v. McCloud & Co., 108 S.W.3d 765, 768 (Mo. Ct. App. 2003)). The elements of unjust enrichment include: "(1) one party conferred a benefit on another; (2) the receiving party acknowledged or recognized that a benefit was conferred; and (3) the receiving party accepted and retained the benefit." J.B. Contracting, 147 S.W.3d at 819; Mays-Maune & Assocs., Inc. v. Werner Bros., Inc., 139 S.W.3d 201, 205 (Mo. Ct. App. 2004).

Both Melissa Kimbrough and Aaron Wandrey stated that had Maebelle not made the funeral arrangements, they would done so. (Doc. 99 Attach. 1 at 13, Attach. 2 at 7-8.) The funeral was a benefit, which they attended, and all were satisfied with the service. No one has paid for this benefit. Therefore, the cost of the funeral will be divided equally among Maebelle Wandrey and the four children, each paying one-fifth of the charge. The portions attributed to the children will be deducted from their respective portions of the insurance policy benefits.

Cater Funeral Home shall also recover from the fund four-fifths of its reasonable attorney's fee, plus prejudgment interest at the rate of 9 percent per annum, pursuant to R.S.Mo. § 408.020, plus postjudgment interest at the rate set by 28 U.S.C. § 1961.

Therefore, Cater's renewed motion for summary judgment is sustained. The motion for summary judgment filed by the children is sustained, and the motion for summary judgment filed by Maebelle Wandrey is denied.

An appropriate order is issued herewith.

/s/ David D. Noce
_____
**DAVID D. NOCE**
**UNITED STATES MAGISTRATE JUDGE**

Signed on November 3, 2005.